IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DENVER RAY FERRARI                                                                          PLAINTIFF

v.                                     Civil No. 2:20-CV-02003

SHERIFF RON BROWN, NURSE BECKY                                                    DEFENDANTS
CORRERO, and DR. JONATHAN WHITE

## ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on January 17, 2020. (ECF No. 1). Plaintiff alleges that his constitutional rights were violated while he was a pretrial detainee in the Crawford County Detention Center from November 2019 through January 2020. (*Id*. at 4). Plaintiff alleges he suffered from a severe post-surgical fracture of the spine at levels C-2 through C-5. Plaintiff alleges he was denied medical care, as proven by the denials of his grievances. Plaintiff does not identify what medical care was requested and denied, nor does he attach copies of his grievances. He alleges that his requests for copies were denied. He further alleges he was placed in isolation for medical reasons and denied mental health assistance. (*Id*. at 4). Plaintiff does not identify any mental health diagnosis or what mental health assistance was requested and denied. He alleges the facility violated his rights under the Americans with Disabilities Act with "Biblical undertones!" "Very personal indignities at large!" (*Id*. at 6).

Plaintiff proceeds against all Defendants in both their official and personal capacities. (*Id*. at 5). He seeks compensatory and punitive damages. (*Id*. at 6).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff characterized his claim as a denial of medical care. He fails, however, to identify what medical care or mental health assistance was needed and not provided. He therefore fails to state a plausible claim for the denial or delay of medical care. *See Martin*, 780 F.2d at 1337 (even a *pro se* Plaintiff must allege specific facts sufficient to support a claim).

Plaintiff's only identifiable factual claim is that he, a pretrial detainee, was placed in isolation for medical reasons. This allegation also fails to state a claim of constitutional dimension. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend VIII. The

Due Process Clause prohibits *any* punishment of a pretrial detainee, be that punishment cruel-and-unusual or not. *Edwards v. Byrd*, 750 F.3d 728, 732 n. 2 (8th Cir. 2014) (emphasis in original). "Conditions or restrictions of pretrial detention that are reasonably related to a legitimate governmental objective do not, without more, amount to punishment." *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993). The Eighth Circuit has held that placement of a pretrial detainee in solitary confinement solely for medical reasons does not amount to punishment. *See Davis*, 992 F.2d at 153 (pretrial detainee's conclusory statement that his placement in solitary confinement for his medical condition constituted punishment was insufficient to state a claim); *Hancock v. Unknown United States Marshal*, 587 F.2d 377, 378-79 (8th Cir. 1978) (holding that placement of prisoner in solitary confinement pending trial was not unconstitutional, especially when based solely on the prisoner's medical condition).

Here, Plaintiff has made only the conclusory statement that he was placed in solitary confinement for medical reasons. He provided no factual allegations which either state or permit the inference that this was done to punish him in any way. He therefore fails to state any plausible constitutional claims.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 5th day of March 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE